Beall and Scott *vs.* Powell.

---

No. 55.—THOMAS N. BEALL and WILLIAM H. SCOTT, Adm'rs. plaintiffs in error, *vs.* RICHARD POWELL, defendant.

[1.] A writ of Error will be dismissed, if notice of the signing of the Bill of Exceptions, and copies of the writ of Error and Citation are not served within the time required by the Act organizing the Supreme Court, and the 21st Rule of Court.

[2.] A writ of Error will not be allowed for correction of Errors, in the decree or verdict rendered by a Jury, as to matters of *fact*.

Motion to dismiss the writ of Error.

The defendant in error joined issue with a protestation, and moved to dismiss the writ—

Beall and Scott *vs.* Powell.

1st. Because the notice of the signing of the bill of exceptions was not served, within the time prescribed by law.

2d. Because copies of the writ of error and citation were not served on the defendant or his counsel, within the time prescribed by the rules of this Court.

3d. Because the Clerk of the Superior Court did not certify and send up a complete transcript of the record within the time prescribed by the rules of this Court.

And protested against joining issue on the 8th ground of error assigned; because founded on no exception to the decision of the Court below, but on exceptions to the decree rendered by the Jury.

The facts were, the bill of exceptions was certified and signed on the 13th of March, 1848, and on the 24th of March, 1848, service of the writ of error, citation and notice, was acknowledged by the attorney of defendant in error. The bill of exceptions was filed in the Clerk's office on the 15th March, 1848, and the certificate of the Clerk, attached to the transcript of the record, was dated on the 28th March, 1848.

Cone, for the motion.

Rockwell, contra.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The 4th section of the Act organizing this Court, requires that notice of the signing the bill of exceptions, shall be given to the adverse party, or his counsel, within ten days after the same shall have been done; and also, that the Clerk of the Superior Court shall certify, and send up to this Court, the entire record of the cause below, with the bill of exceptions, within ten days after he shall have received the original notice, with the return of service thereon. The 21st rule of this Court, requires that the writ of error and citation, shall be served on the defendant in error or his counsel, within ten days from the signing and certifying of the bill of exceptions.

It was the manifest intention of the Legislature to prevent delay in the final disposal of cases in this Court, and we shall endeavour faithfully to give effect to such intention, by requiring a

Beall and Scott *vs.* Powell.

strict compliance with the law and rule of Court, in that regard. The Act of 1847, only extends the time within which, the bill of exceptions shall be drawn up and submitted to the Judge for his certificate and signature, the payment of costs, and the giving bond : but does not alter the Act of 1845, which requires the notice to be given within ten days, or the time within which the Clerk of the Superior Court shall certify and send up the record to this Court.

[2.] A writ of error will not be allowed for the correction of a matter of *fact*, found by the *verdict of a Jury* in the Court below. The 4th Section of the Act, organising the Supreme Court, declares, "Any criminal cause may be carried up to the Supreme Court, on a bill of exceptions in writing, specifying *the error or errors in law* complained of, to be drawn up by the party, &c." "Any cause of a civil nature, either on the law or equity side of the Superior Court, may in *like manner*, be carried to the Supreme Court, ôn a bill of exceptions specifying the error or errors complained of, in any decision or judgment, to be drawn up by the party complaining, &c." The 5th section declares,"Upon the decision of said Supreme Court, *on matters of law or principles of equity, which may arise in the bill of exceptions*, the Court shall cause to be certified to the Court below, such decision, &c. Sec. 1st, 3d Article of the Constitution declares,"the Supreme Court shall have no original jurisdiction, but shall be a Court alone for the correction of *errors in law and equity*, from the Superior Courts of the several circuits." We cannot suppose it was even intended, that a writ-of error should lie from the Supreme Court to correct matters of *fact* found by the *verdict of a Jury* in the Superior Courts, that a writ of error will only lie to the decision or judgment of the Superior Courts, for the trial and correction of errors *in law and equity*. If the verdict of a Jury should be contrary to evidence or contrary to law or the principles of equity, the party complaining thereof can move for a new trial in the Superior Court, and a writ of error would lie to the decision of the Court granting or refusing such new trial.

Let the writ of error be dismissed.