No. 71.—John R. Anderson, *et al.* plaintiffs in error, *vs.* The Darien Bank, defendant.

[1.] The writ of error and citation need not and should not be filed, until the filing of the original notice, with entry of service thereon.

[2.] The writ of error will be dismissed if no original notice of the *signing and certifying* of the bill of exceptions is filed, as required by the Statute, nor will an acknowledgment by the defendant's counsel, of the service of a copy notice of the *filing* of the bill of exceptions, be considered a compliance with the Statute.

[3.] The writ of error and citation, if without date, may be amended, if there is anything in the record to amend by.

Motion to dismiss the writ of error.

Rockwell, for the motion.

Cone, *contra*.

*By the Court.*—Lumpkin, J. delivering the opinion.

A motion is made to dismiss this writ of error upon three grounds:

1st. Because no writ of error, with the citation thereto annexed was filed, with the Clerk of the Superior Court, at the time of tendering the bill of exceptions.

2d. Because no notice was filed of the signing and certifying of the bill of exceptions as required by law. And—

3d. Because the writ of error and citation are without date.

[1.] Our attention being called, for the first time, to the phraseology of the twenty-first rule, we perceive that it is inaccurately worded. It would be absurd to require the writ of error and citation to be filed with the Clerk of the Superior Court, at the time of tendering the bill of exceptions. The writ of error recognizes on its face the fact, as one which has already transpired, that "*the bill of exceptions has been signed and certified.*" The writ of error and citation should be filed with the Clerk of the Superior Court, when the original notice is returned with the entry of service thereon. And such is the construction which we put upon the twenty-first rule.

[2.] The 4th section of the Act, establishing this Court, pro-

vides, " that when the bill of exceptions shall be signed and certified by the Judge of the Superior Court, notice thereof shall be given to the adverse party, or his counsel, within ten days after the same shall be done, and shall be filed in the Clerk's office immediately thereafter and on a copy of such notice being served by the sheriff, constable, or an attorney of the Superior Court, and filed in the Clerk's office with the bill of exceptions, it shall be the duty of the Clerk of the Superior Court below, to certify and send up to the Supreme Court, a complete transcript of the entire record of the cause below, duly certified, under his hand and seal of office, and also the bill of exceptions, within ten days after he shall have received the original notice with the return of service thereon." 1 *Kelly, p. vii*.

It is conceded that no notice whatever has been filed in this case. As a substitute therefor, the plaintiff in error relies on an acknowledgment endorsed on the bill of exceptions by the attorney of the adverse party, that he had been served " *with a copy of the notice of the filing of the bill of exceptions.*" This is no compliance, either literally or substantially, with the requirement of the Statute. A party may acknowledge service of the original notice, still the notice must be filed. The Clerk is commanded to transmit the record and bill of exceptions, within ten days after he shall have received the original notice with the return of service thereon. It has been repeatedly held by this Court; that if the Clerk failed to forward the papers within the ten days, it was fatal to the cause. The filing of the notice is not only necessary, therefore, to authorise the Clerk to certify and send up the record, and to make him responsible for his default to perform this duty, but it is likewise indispensable to us, to enable us to determine, by inspection, whether or not he has complied with the Act.

There is, however, a still more fatal objection to this acknowledgment. The notice referred to in the Statute, is of the *signing* and *certifying* of the bill of exceptions. The acknowledgment of service is of a copy of the notice of the *filing* of the bill of exceptions—quite another and a different matter. Upon this material discrepancy, we should be compelled to sustain the motion.

[3.] The omission to date the writ of error and citation, would be amendable, if we had anything to amend by. But for want of

information as to the time when the notice was filed, none, in truth, ever having been filed, we are unable to supply this defect.

We regret exceedingly to dispose of any case, especially one of so much importance, except upon its merits. We are, however, the mere agents of the law. How many devises of real estate have failed, for lack of three credible witnesses! There is not a day in Court, when important interests are not adjudicated upon what would seem to be mere technical objections. The law prescribes the mode in which even justice itself shall be dispensed to the citizen. And if he neglects or refuses to comply with these forms, he cannot reasonably complain if the door is closed against him.

Writ dismissed.