No. 43.—ANDREW TURNER, plaintiff in error, *vs.* WILLIAM COL-
LINS, administrator, &c. defendant.

[1.] A writ of error will be dismissed, if a copy is not served, and *an entry
made thereof*, within the time required by the 21st Rule of this Court.

[2.] And the party failing to endorse the entry of service, as required by the
21st Rule, before the writ of error is transmitted to this Court, by the Clerk
below, will not be permitted to come here, and, on motion, have the omis-
sion supplied.

[3.] The amended Constitution, and Act of 1845, organizing this Court, ex-
act the utmost vigilance of parties, and allow no discretion in relieving
them from their failure to exercise it.

Preliminary motion to dismiss the cause—

1st. Because the testimony was not embodied in the bill of ex-
ceptions.

2d. Because it does not appear, from the certificate of the
Clerk of the Court below, that all the interrogatories to which he
has certified, were read on the trial.

3d. Because the bill of exceptions does not embrace the mate-
rial facts upon which the judgment of the Court was rendered ;
therefore, not enough before this Court to enable it to review the
judgment.

4th. Because the Judge did not certify that the bill of excep-
tions is true and consistent with what transpired in the cause
before him.

5th. Because no copy of the writ of error was served upon
the defendant in error, or his counsel, as required by the 21st
Rule of this Court.

DOYAL & NOLAN, for motion.

A. R. MOORE, contra.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] By the 21st Rule of this Court, it is required that writs of
error, with the citations thereto annexed, shall be filed with the
Clerk of the Superior Court, when the original notice of the

Turner vs. Collins.

signing of the bill of exceptions is returned to that office, copies
of which, made out by the counsel of the plaintiff in error, shall
be served on the defendant in error, by the *Sheriff* of the Coun-
ty, or by counsel for plaintiff in error, within ten days from the
signing and certifying of the bill of exceptions; *and an entry of
the same shall be made on the original writ, by the counsel or She-
riff who makes it, officially;* and it is then made the duty of the
Clerk of the Court, where the trial· is had, to send up to this
Court, together with the bill of exceptions and transcript of the
record, the *writ of error* and citation, duly by him certified to be
the originals filed in his office. *Supreme Court Manual*, 31, 32.'

[2.] The writ of error in this case has no entry of service
made thereon, either by the Sheriff of Henry County, where the
proceeding below took place, or by the counsel of the plaintiff
in error; and Mr. Moore, as the attorney of Andrew Turner,
proposes now, to supply the omission, and make the entry in this
Court, *nunc pro tunc.* It is resisted by the opposite party, and a
counter affidavit submitted, to the effect that the defendant never
was, in fact, served with a copy.

We cannot allow this entry of service to be now made. To
permit it, would not only repeal the Rule, but be productive of
much mischief. The entry of service, if made as directed, is
conclusive—it cannot be controverted here, as the return of min-
isterial officers can be in the other Courts of this State; and this
is giving advantage enough to plaintiffs in error. The only evi-
dence which we receive in this Court, is that which is transmitted '
through the Clerk of the Superior Court, and it all must be in
writing, and, if defective, it cannot be rectified by amendment or
otherwise. The entry of service is presumed to be correct, from
having been made at the time the act was done. It would greatly
weaken its authority, to suffer it to be made at a future day, inas-
much as the party must then depend upon the strength and tena-
city of his memory for its correctness.

We think it impolitic to tempt counsel thus to shield them-
selves from the consequences of their own neglect, when, by the
pleadings here, it is brought to their notice—when, in order to
obtain a continuance, the party makes affidavit of the facts which
he expects to prove by the absent witness—the opposite party is
not allowed, by the 36th Rule of the Superior Courts, to force a
trial, by an admission of the facts stated in the affidavit. 2 *Kelly,*

473.   Why is this prohibited?   The reason is to be found in public policy—it is to take away from the applicant, the motive to make his showing broader than the truth would warrant, and thus either force a continuance, or procure the admission of more than he could actually prove; in other words, both of these rules are based upon the same considerations which led to the enactment of 29 *Charles II.*

If this defect could be now cured, the other party might well complain, that he was taken by surprise.   He examines the papers, as they appear of file in the Clerk's office of the Superior Court, previous to their transmission—he finds that the writ of error is not served; at any rate, that no entry is made thereof, as required, and he comes here to have the case dismissed, on that account; but his objection is overruled, and he is forced, without preparation, to argue the cause upon its merits; for, under the Constitution, this surprise is no sufficient ground for a continuance.

[3.] To allow this practice, would operate unequally upon the rights of parties.   Here, the service is alleged to have been made by the counsel; but it is more usually done by the Sheriff, residing often in a distant and remote County, and who could not reach the Court in time to amend his return.

It would give rise to exciting and discourteous altercations, on account of the conflict of statement between counsel.   Here, each party has tendered his affidavit—the one testifying to *personal service*—the other, just as distinctly denying it.   We cannot and will not try this issue of veracity, or memory.   We must and do believe, that both are equally credible, and entirely conscientious; and we assume, for the purposes of this decision, that a copy of the writ of error was served, but counsel failing to make entry thereof, as directed by the rule, we refuse the motion to come into this Court and do it now.   Better that an individual should suffer, than allow a salutary rule to be broken down, merely for the purpose of relieving a party from the consequences of his own neglect.

In *Perry & Peck vs. Higgs*, (6 *Ga. Rep.* 43,) this Court held, that if the bill of exceptions bore date *before* the trial of the cause, and there is nothing in the record by which it can be amended, the writ of error will be dismissed.   So, if the party fails to give notice, as required by the 4th section of the Act organizing this

Turner *vs.* Collins.

Court, and to file the same, *with the return of service thereon, within the time required,* (2 *Kelly*, 262.   5 *Ga. Rep.* 582)—so, if notice of the signing of the bill of exceptions, and copies of the writ of error and citation, are not served within the time required by law and the 21st Rule of this Court, (4 *Ga. Rep.* 525)—so, if the Clerk fails to make out and transmit a copy of the record, within ten days from the filing of the original notice, *with entry of service thereon;* and the Clerk's certificate must show this fact, and the omission cannot be supplied by *aliunde* testimony.   *Leak vs. Mc-Dowell,* 6 *Ga. Rep.* 264.   *Duke, administrator, vs. Trippe,* 1 *Ib.* 317.   And the uniform determination of this Court has been, not to look out of the *papers* to inquire into *any* fact; but whatever fact there appears, will be taken to be true ; and if it does not appear *in writing*, it does not exist.   2 *Kelly*, 338.   *Ib.* 439.

By reference to the adjudications of the Courts of our sister States, upon the subject of the issuing of the writ of error, service thereof, return, &c. they are equally rigid in exacting a stern compliance with the rules and regulations by which they are governed.   It is true, that in some of them, they will not suffer a party to be turned out of Court, provided they are satisfied that he has done *all* that duty required.   But after a most careful examination, I am prepared to affirm, that there is no State in the Union, where the same degree of vigilance is imposed on litigants, and where less discretion is allowed to the Court, to excuse them from failing to exercise it.   *United States vs. Hodge,* 3 *How. U. S. R.* 534.   *Rutherford vs. State Bank,* 3 *Pike,* 493, 558.   *Coleman vs. Tidwell,* 5 *How. Miss. R.* 12.   *Natchez Insurance Company vs. Stanton,* 4 *Ib.* 7.   *Newell vs. Briggs,* 3 *Ib.* 45.   *Roebuck vs. Duprey,* 2 *Ala.* 352.

I would only remark, in conclusion, that families, schools, corporations, courts, countries, the world, the universe, are all governed by *rules*, and *either* wanting these, ends in confusion and chaos.

Let the writ of error be dismissed, for want of entry of service made at the proper time.