Hightower *et al. vs.* Hightower.

No. 23.—JAMES M. HIGHTOWER *et al.* plaintiffs in error,  *vs.*
J. M. HIGHTOWER.

[1.] A writ of error will be dismissed if a copy is not served and *entry made thereof,* within the time required by the 21st rule of this Court.  *Cobb and Lumpkin's General Digested Index,* 580.

[2.] And the party failing *to endorse the entry of service* before the writ of error is transmitted to this Court by the Clerk below, will not be permitted to come here, and on motion, supply the defect, by resorting to original and *aliunde* proof.

[3.] The Act of 1851–'2, (*Pamphlet Acts, ps.* 214, 215,) is a legislative adoption of the 21st rule of this Court, *as law,* as well as of the construction put upon it in the case of *Turner vs. Collins,* 8  *Geo. R.* 252.

Caveat, in Upson Superior Court.  Tried before Judge STARKE.  November Adjourned Term, 1852.

Motion to dismiss writ of error.

In this case, counsel for defendants joined issue with a protestation, and moved to dismiss the writ of error on the following grounds:

1st. Because the writ of error in said cause was not served on the defenndants in error or their counsel, within ten days from the signing and certifying the bill of exceptions in said cause.

2d. Because no entry of the service of a copy of the writ of error was made on the original writ of error, by the counsel for plaintiffs in error, or Sheriff officially.

GIBSON, POE, NESBIT & POE, A. H. CHAPPEL, for the motion.

HALL & CARY, B. HILL, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

Hightower *et al. vs.* Hightower.

[1.] This case comes fully under the decision of this Court in *Turner vs. Collins*, 8 *Geo. R.* 252. We there held that a writ of error will be dismissed, if a copy is not served and *an entry made thereof*, within the time required by the 21st rule of this Court.

[2.] And that the party failing to endorse the entry of service before the writ of error is filed and transmitted to this Court by the Clerk below, will not be permitted to come here on motion, and the production of original proof *aliunde* the record, supply the omission.

We felt that we had no discretion to relieve the party from his own *laches* in that case. And we shall adhere to the precedent then established.

[3.] It is worthy of remark too, that the Legislature at its last session, with the provisions of the 21st rule, and our interpretation of it before them, passed an Act declaring, "that when the original writ of error, original citation and notice, and the original bill of exceptions, shall be filed and served within the time prescribed by law, no cause pending in the Supreme Court shall be dismissed; but any other error or defect shall be amended instanter. *Acts of the General Assembly of* 1851–'2, *p.* 214, 215.

Here is not only a legislative sanction of the writ of error and citation, established by this Court, in its rules, but a legislative declaration, that if these, together with the notice and bill of exceptions created by the Act of 1845, are filed and served, that all other defects may be instantly amended, and the cause proceed. But these must all be served and filed within the time prescribed *by law*, that is, the Statute of the State, organizing this Court and its rules; thus evincing as to these particulars, a determination neither to make or allow any relaxation.

The case must be dismissed.