RAGAN v. THE CHICAGO PACKING AND PROVISION CO.

Under the act of 1879 (Code, §3420a), touching the liberty of the citizen in proceedings requiring bail in actions for the recovery of personal property, while no discharge is warranted unless the reasons shown for the non-production of the property are satisfactory, it is not requisite that an existing physical impossibility to produce the property should be the result of misadventure or of blameless conduct on the part of the defendant, but if it existed at all when the process was sued out, and continues to exist without any fault or misconduct committed by the defendant since that time, it should be deemed satisfactory. Inasmuch as by section 3418 of the code a plaintiff, in order to require bail, must make affidavit " that the property is in the possession, custody or control of the defendant," anything which shows with full certainty that this affidavit was not true in fact should be deemed a satisfactory reason for not producing the property, unless it affirmatively appears that since the plaintiff's affidavit was made, the defendant has acquired the power to produce it.

April 23, 1894. Argued at the last term.

Petition for discharge. Before Judge BOWER. Dougherty county. January 17, 1894.

J. W. WALTERS and HARRISON & PEEPLES, for plaintiff in error. D. H. POPE, contra.

SIMMONS, Justice

The Chicago Packing and Provision Company sued out process of bail and trover against Ragan for certain carloads of meat which it had shipped to him. It appears that Ragan was not to have possession of the meat until a draft drawn by the plaintiff on the defendant, payable to the order of Hobbs & Tucker, had been paid. By an arrangement with Hobbs & Tucker, Ragan got the meat without paying the draft. Ragan was a merchant, and in the course of his business disposed of some of the meat, and was disposing of the rest of it when a petition in equity was filed against him and a receiver was appointed to take charge of all of his assets, including the meat on hand. After this the bail pro-

cess was issued and Ragan arrested. He petitioned the judge of the superior court to discharge him, under the provisions of section 3420(a) of the code. That section declares, in substance, that when a person arrested under this process shall, by reason of his inability to give security, be held in imprisonment, it shall be lawful for him to make his petition in writing, on oath, to the judge of the circuit in which suit is pending, in which he shall state that he is neither able to give the security required by law nor produce the property, and that he can furnish satisfactory reasons for its non-production, and traverse the reasons stated in the defendant's affidavit for bail. It requires a copy of this petition to be served upon the plaintiff, and makes it the duty of the judge, after five days notice, to proceed in a summary way to hear evidence upon the facts contained in the petition, and if he finds that the petitioner can neither give security nor produce the property, and that the reasons for its non-production are satisfactory, he shall discharge the petitioner upon his own recognizance, conditioned for his appearance to answer the suit; but otherwise he shall recommit him to custody. The hearing was had as provided by this section. At the hearing the petitioner stated all the facts, and showed conclusively that he could not produce the meat, because part of it had been sold and delivered to his customers, and the other part had been taken charge of by the receiver; that he was utterly without means to pay for the meat, and that he depended on his friends to obtain the necessaries of life. The court held, in substance, that as Ragan had wrongfully obtained possession of the meat, he must pay for it or give security for the price of it, or be recommitted to jail.

It was admitted by counsel for defendant in error, in his argument in this case, that Ragan was in bad financial condition and could not return the property; but he

insisted that Ragan's inability to do this or give bond and security is not a sufficient ground for his discharge; that it does not matter how poor and impecunious a man is, if he got possession of the property wrongfully and made away with it, he must pay for it, or give security for it, or else remain in jail. We do not think this is the meaning of the section referred to. In our opinion it means exactly the reverse. It means that even if a man does obtain possession of personal property illegally and wrongfully, and disposes of it, he may, upon being required in a proceeding of this kind to produce the property or give security therefor, be discharged if he gives the judge satisfactory reasons for his inability to do so; and it is not necessary for him to show that the property was lost by misadventure or by blameless conduct on his part. If he is unable at the time process is sued out to comply with the requirements of the law in regard to producing the property or giving security, and his inability to do so continues without any fault or misconduct on his part since that time, this must be deemed a satisfactory reason. Section 3418 of the code requires the plaintiff, before he can have bail process issued, to make affidavit that the property is in the possession, custody or control of the defendant. Anything which shows with full certainty that this affidavit is not true in fact, should be deemed a satisfactory reason for not producing the property, unless it affirmatively appears that since the affidavit was made, the defendant has acquired the power to produce it. The affidavit made in this case to procure the bail process, stated that the property was then in the possession, custody or control of Ragan. We think the facts disclosed by the record show conclusively that the affidavit was unfounded. Some part of the meat had been sold and consumed; the other part was in the hands of the court, and not in the possession, custody or control of Ragan. This

should have been a satisfactory reason to the court for discharging him. To give the statute the construction contended for by the counsel for the defendant in error might amount to perpetual imprisonment of an insolvent and impecunious man. There would be no way in some cases of his obtaining his discharge without payment of the money or giving security for the property.' The object of the statute allowing the remedy of bail-trover is to secure the property or payment of the price therefor, and not to punish the debtor for illegal acts in obtaining the property. For that the law provides another remedy.        .        *Judgment reversed.*