184.  EVERETT, RIDLEY & CO. v. HOLCOMB.

1. If a judge, after hearing evidence upon a petition for discharge in bail-trover proceedings, shall find that the applicant is, under the provisions of the Civil Code, §4608, entitled to be discharged upon his own recognizance, and there is some evidence to support that finding, it will not be set aside by this court, unless the discretion of the judge is manifestly abused.

2. While the provisions of the code in bail-trover proceedings contemplate imprisonment in jail, the defendant may petition to be released from any detention, against his will, by a sheriff or his deputy, by virtue of proper bail process.

3. In proceedings based upon such a petition, a traverse to the sheriff's return upon the bail process is too late, if filed after pleading to the merits.

Application for discharge in trover, from city court of Sandersville—Judge Hyman.  December 7, 1906.

Argued April 13,—Decided May 10, 1907.  Hill, C. J., and Russell, J., being disqualified, Judges Cann, of the Eastern circuit, and Gober, of the Blue Ridge circuit, were designated to preside in their stead.

*R. Douglas Feagin,* for plaintiffs.

*A. R. Wright, T. W. Hardwick,* for defendant.

CANN, J.  On August 28, 1905, J. H. Holcomb, in the name of his wife, M. C. Holcomb, transferred, in writing, to Everett, Ridley & Company, certain open accounts due her.  On November 2, 1906, Everett, Ridley & Company brought trover against J. H. Holcomb therefor, alleging that they had delivered to him the said accounts, to collect, and to turn over the proceeds as fast

as collected.  Demand was alleged to have been made upon him November 13, 1905, April 7, 1906, and October 26, 1906.  The value of the property was stated to be $1,250.  On November 3, 1906, the sheriff·made his return that he had served the petition and process, and executed the bail process, "by arresting the said J. H. Holcomb, and have him now in custody."  On the same day J. H. Holcomb petitioned, in proper form, the judge of the city court of Sandersville for discharge from imprisonment, and, thereupon, the judge issued a rule for Everett, Ridley & Company to show cause why the defendant should not be discharged.  On December 4, 1906, Everett, Ridley & Company waived the five days notice required by the statute, and agreed that the hearing be had on December 7, 1906.  The hearing was held in conformity with this agreement, without any traverse of the sheriff's return until after pleading to the merits of the application for discharge.

During the hearing the defendant testified, that he was not able to give a solvent bond for $2,500, as required; that he had no property or money; that neither Everett, Ridley & Company, nor any one for them, had put in his hands for collection the accounts alleged; that he had not held them for collection for Everett, Ridley & Company; that he had not been in possession, custody, or control of those accounts; that he was not, at the time of the hearing of the application for discharge, in possession, custody, or control of them, and was not on October 31, 1906, the day the affidavit for bail was made, and has not been since; that he has no money in his possession arising from the collection of those accounts; that he has no money of Everett, Ridley & Company; that he was in custody at the time he made application for discharge and has been in the custody of the sheriff ever since; that the deputy sheriff, in whose charge he was, did not permit him to go anywhere he wanted to.  R. H. White, a witness for the plaintiffs, testified, that he was a member of the firm of Everett, Ridley & Company; that the ·affidavit for bail was true in every particular; that the defendant had possession of the property when he went to see him in November; that the defendant had the custody of M. C. Holcomb's stock and books; that he has never known of anybody else having custody of the property; that on April 7, 1906, he went to see the defendant as the agent of

his wife, M. C. Holcomb, and asked him to deliver to Everett, Ridley & Company those accounts, and that the defendant did not at that time deny the title of Everett, Ridley & Company to them; that he said he did not consider those he had not collected worth anything; that he admitted having the accounts in his possession in April, 1906; that in March, 1906, he wrote Holcomb something regarding them and had his letters here; that he knew personally, from having talked with the defendant, that he had collected some of those accounts; that he saw defendant November 13, 1905; that Holcomb made a statement at that time as to what accounts he had collected, and showed White a list of the accounts he had collected; that he did not deliver to White the money he had collected for them; that White made a demand upon him for the money, and the response Holcomb made to the demand was that he did not have it and could not deliver it; that as to the other accounts he gave White very little satisfaction, and told him some of them were not worth anything, that the ones he had collected were all that were worth anything, and declined to deliver the accounts; that the mercantile business of M. C. Holcomb was terminated sometime prior to the witness's visit in April, 1906, about January, 1906; that J. H. Holcomb said he had possession of those accounts since that time; that up to the time of his demand, April 7, 1906, the witness presumed that M. C. Holcomb had signed the transfer of the accounts from herself to Everett, Ridley & Company. The sheriff, a witness for Everett, Ridley & Company, testified, that he took the defendant in charge; that the defendant was partly imprisoned at the jail, but was not locked in a cell, because he had no cell to lock him in; that he was in custody; that he was permitted to go home the day he was arrested, and was put in the charge of a deputy living some distance from the county seat. The deputy was not in Sandersville, the county seat, with the defendant, on the day of the trial.

After hearing the evidence, the judge discharged the defendant, J. H. Holcomb, upon his own recognizance to appear at the January, 1907, term of the city court of Sandersville, to answer the plaintiff on the merits of the action of trover brought to that term of the court. To this judgment Everett, Ridley & Company excepted.

1. Under the Civil Code, §4604, the property, at the time of the making of the affidavit, must be in the possession, custody, or control of the defendant, unless it affirmatively appears that, since the plaintiff's affidavit was made, the defendant has acquired the power of producing the property. *Ragan* v. *Chicago Packing Co.,* 93 *Ga.* 712. There was little, if any, testimony to show definitely that either of these conditions existed. The hearing upon an application for discharge without security is a summary one to hear evidence upon the facts contained in the petition for discharge, before the judge of the court in which the suit is pending, and if he should find "that the petitioner can neither give the security nor produce the property, and that the reasons for the non-production are satisfactory, he shall discharge the petitioner upon his own recognizance, conditioned for his appearance to answer the suit brought; otherwise he shall recommit him to custody." Civil Code, §4608. As was stated by Justice Simmons, in *Ragan* v. *Chicago Packing Co.,* supra, this provision of law "means that even if a man does obtain the possession of personal property illegally and wrongfully, and disposes of it, he may, upon being required in a proceeding of this kind to produce the property or give security therefor, be discharged if he gives the judge satisfactory reasons for his inability to do so; and it is not necessary for him to show that the property was lost by misadventure or by blameless conduct on his part. If he is unable, at the time process is sued out, to comply with the requirements of the law in regard to producing the property or giving security, and his inability to do so continues, without any fault or misconduct on his part since that time, this must be deemed a satisfactory reason." The judge is the one to determine all these issues. Unless his determination affirmatively appears to be a manifest abuse of discretion, it will not be disturbed. The bail-trover remedy is a summary and harsh one; it is in derogation of the right to personal liberty. Persons seeking to avail themselves of this remedy should be held to strict proof of the statutory requisites, and the petitioner for discharge should be treated with reasonable liberality in applying the evidence, keeping in mind the purposes intended by this law. Applying the foregoing principles, the evidence was sufficient to authorize the judgment discharging the petitioner upon his own recognizance.

2. While section 4606 of the Civil Code contemplates that the defendant shall be committed to jail, and section 4608 that he "be held in imprisonment" at the time of the petition for discharge, the sheriff testified in this case that the defendant was partly imprisoned at the jail; that while he never locked the defendant in a cell more than he had on the day of the hearing, the defendant was in jail that day; and he had not been locked in a cell "for the simple reason that he did not have one to lock him up in." The sheriff also testified that he had the defendant in custody. "Custody," in criminal law, is the same thing as "detention" in civil law, and is synonymous with "imprisonment." Rapalje & Lawrence, Law Dictionary. "Imprisonment" is the detention of a person contrary to his will. 10 Am. & Eng. Enc. of Law (1st ed.) 197. The evidence shows such custody or imprisonment as would render the sheriff liable for his discharge. The confinement or detention was against the will of defendant, by virtue of the affidavit for bail, which was sufficient legal authority. See, in this connection, Penal Code, §106; Civil Code, §3851. The testimony disclosed sufficient holding in imprisonment to authorize the judge to act upon the petition for discharge.

3. The traverse to the return of the sheriff was too late, as it was not submitted until after pleading to the merits. Civil Code, §4988. It is not necessary to discuss the other grounds of error alleged, even where properly specified. If there was any error, it was not of such character as to require a reversal.

*Judgment affirmed.*