## SAVANNAH GUANO COMPANY *v.* STUBBS.

A defendant in a bail-trover proceeding, who is in the actual custody of the sheriff, though not confined in jail, is "held in imprisonment," and may apply, under the Civil Code, § 5154, for a discharge upon his own recognizance.

JULY 11, 1912.

Application for discharge in trover. Before Judge Sheppard. Tattnall superior court. August 23, 1911.

*Anderson, Cann & Cann, H. C. Beasley,* and *Thomas F. Walsh Jr.,* for plaintiff.

*P. M. Anderson* and *H. H. Elders,* for defendant.

EVANS, P. J. The Savannah Guano Company brought an action of bail-trover against M. J. Stubbs, to recover certain described fertilizers and promissory notes. The sheriff made an entry that he had served personally the defendant, and demanded bond of

him, which he failed to give, because of his poverty, and that he had him in custody. The defendant applied to the court to be discharged on his own recognizance. The plaintiff pleaded in abatement that the defendant was not entitled to be discharged, for the reason that neither at the time of his application nor at any other time had he been committed to jail, and there kept in safe and close custody as required by law. The plaintiff also had the sheriff made a party, and traversed his entry of service that the defendant was in his custody. Upon the hearing of the issue joined on the plea and traverse, the applicant for discharge submitted evidence tending to show that he was arrested by the sheriff; he was not confined in jail, but put into the custody of a deputy sheriff, by whom he was kept under guard and surveillance from the time of his arrest until the trial of his application for a discharge from custody. The sheriff testified, that the common jail of the county had two cells for male prisoners, which were occupied by seven negro prisoners, and two cells for female prisoners, one of which was occupied; and that he did not put the defendant in jail because of its condition. The jail was not ventilated; the waterworks were out of repair, and it was in no fit condition to confine a white man. The court overruled the traverse and plea in abatement, and, upon the defendant making it appear that it was not within his power to produce the property or give the statutory bond, he was discharged by the court.

Upon a plaintiff in a trover suit filing an affidavit that the property is in the possession, custody, or control of the defendant, and that he has reason to apprehend that it will be eloigned or moved away or will not be forthcoming to answer the final judgment, it is the duty of the sheriff to seize the property; and if the property is not to be found, "the defendant shall be committed to jail, to be kept in safe and close custody until the said personal property shall be produced, or until he shall enter into bond with good security for the eventual condemnation-money." Civil Code, § 5152. When a defendant "shall, by reason of his inability to give security, be held in imprisonment, it shall be lawful for him to make his petition "to the judge of the court where the suit is pending, stating that he is neither able to produce the property nor to give the security required by law, traversing the facts stated in the plaintiff's affidavit, and giving satisfactory reasons why he can not produce

the property, and praying for his discharge. On a hearing, after five days notice, if the judge "shall find that the petitioner can neither give the security nor produce the property, and that the reasons for its non-production are satisfactory, he shall discharge the petitioner upon his own recognizance, conditioned for his appearance to answer the suit; but otherwise he shall commit him to custody." Civil Code, § 5154. The point made by the record is, whether a defendant against whom bail process has issued, and who is in the custody of the sheriff, but who is not detained in jail, comes within the provisions of the statute of which mention is just made.

The statute authorizing bail in trover cases, being in derogation of common right, should be strictly construed. *Sugar* v. *Sackett,* 13 *Ga.* 462. The object of the bail process is simply to secure the forthcoming of the property to answer, in the manner authorized by law, for such recovery as may be had, or to get bond and personal security instead. *Hudson* v. *Goff,* 77 *Ga.* 281 (3 S. E. 152). Its purpose is not to punish a defendant for illegal acts in obtaining the property *Ragan* v. *Chicago Packing Co.,* 93 *Ga.* 712 (21 S. E. 143). Indeed the theory of punishment does not enter into the statute, for the law is not to be construed as imposing a punishment upon a defendant in a civil case upon an ex parte affidavit, without giving him a hearing. Prior to the statute (Civil Code, § 5154), the production of the property, or entering into bond with good security for the eventual condemnation-money, was the only condition upon which the defendant could be discharged from custody. It was to ameliorate the harshness of the law in this respect that an imprisoned defendant, unable to produce the property or give the bond, was permitted to apply for a discharge. The remedy was given to a defendant "held in imprisonment." Imprisonment is not confined to the act of putting a man in prison; it is a restraint of a man's personal liberty. Says Mr. Black in his Law Dictionary, at page 597: "It is not a necessary part of the definition that the confinement should be in a place usually appropriated to that purpose; it may be in a locality used only for the specific occasion; or it may take place without actual application of any physical agencies of restraint (such as locks or bars), but by verbal compulsion and the display of available force." It is true that when the statute was enacted the law provided for a commitment of the defendant to jail; but the remedial statute broadly extends

its provision to a defendant "held in imprisonment." A defendant in the actual custody of the sheriff comes within the provision of the statute, whether the sheriff's custody be exercised by keeping him in jail or under special guard out of jail. The question is, not whether the sheriff ought to have imprisoned the defendant in jail instead of keeping him under surveillance and guard, but whether the defendant is restrained of his personal liberty. If he is so restrained, then he is imprisoned, in the purview of the statute. *Everett* v. *Holcomb,* 1 *Ga. App.* 794 (58 S. E. 287).

Of course the restraint must be something more than a feigned custody; not a collusive arrangement between the officer and the defendant. The court was authorized to find under the facts submitted that the defendant was actually restrained of his liberty by the sheriff by virtue of the bail-trover proceeding. The defendant testified that he was unable to produce the property or to give the bond; and this was not controverted on the trial. The judgment of the court discharging him on his own recognizance will therefore stand                    *Affirmed. All the Justices concur.*