## TENNESSEE VALLEY FERTILIZER COMPANY *v.* STEVENS.

LUMPKIN, J. 1. Where an action for the recovery of personalty has been brought, and the defendant has been imprisoned under bail process, upon an application by him to be discharged under the Civil Code (1910), § 5154, the questions of fact raised for determination are whether the defendant can neither give security nor produce the property, and whether the reasons for its non-production are satisfactory.

(*a*) To allege and prove that guano, which was the subject-matter of the action, could not be produced because it had been bought and placed in the ground as a fertilizer, is legitimate as showing a satisfactory reason for the non-production.

(*b*) Allegations and evidence for the purpose of showing that the action was maliciously brought by the plaintiff, and not bona fide to recover the property, were not relevant to the issue in such a proceeding.

2. The uncontradicted evidence fully authorized, if it did not demand, the order discharging the defendant on his own recognizance; and the judgment will not be reversed because the ruling in the respect indicated in the last subdivision of the preceding headnote may not have been accurate.

(*a*) In order that the order of discharge, based upon a petition containing allegations of malice and want of probable cause on the part of the plaintiff, may not be taken as adjudicating those facts, direction is given that the judgment be so amended as to strike from the petition for discharge such averments.

*Judgment affirmed, with direction. All the Justices concur.*

OCTOBER 15, 1913.

Discharge in bail-trover. Before Judge Walker. Warren superior court. July 9, 1913.

*M. E. Evans*, for plaintiff.

*E. P. Davis* and *M. L. Felts*, for defendant.