### 6707. MARSH v. BEN H. FLETCHER COMPANY.

BROYLES, J. 1. Under section 5154 of the Civil Code, while a discharge of the petitioner upon his own recognizance is not warranted unless the reasons shown for the non-production of the property are satisfactory, an existing physical impossibility, at the time of the suing out of the bail-trover process, to produce the property, and the continued existence of such impossibility, without any fault or misconduct on the de-

fendant's part *since* that time, should be deemed a satisfactory reason for the non-production of the property. *Ragan* v. *Chicago Packing Co.,* 93 *Ga.* 712 (21 S. E. 143) ; *Garrett* v. *Underwood,* 102 *Ga.* 558 (27 S. E. 665) ; *Everett* v. *Holcomb,* 1 *Ga. App.* 794, 797 (58 S. E. 287).

2. The uncontradicted evidence showing that the petitioner in this case was neither able to give the security required by law nor to produce the property, and he, under the above ruling, having furnished a satisfactory reason for its non-production, the court erred in refusing to discharge him upon his own recognizance.        *Judgment reversed.*

DECIDED MARCH 24, 1916.

Application for discharge in trover; from city court of LaGrange —Judge Harwell. June 11, 1915.

. The Ben H. Fletcher Company instituted a bail-trover proceeding against Marsh to recover two mules. The defendant failed to deliver the mules or to give the statutory bond for the forthcoming of the property, and was imprisoned. He applied to the court for discharge from imprisonment, and in his petition alleged that he was not, at the date of the plaintiff's affidavit to obtain bail, or thereafter, in possession, custody, or control of the property in question, and was not able to give the security required by law, or to produce the property, and could furnish satisfactory reasons for its non-production. On the hearing of the application it appeared that the mules had been delivered to him by the plaintiff under a contract of sale in which title to the property was reserved in the plaintiff until payment of the purchase-money. He testified that before the institution of the bail-trover proceeding he traded one of the mules to Henry Kimbrough and the other to a Mr. Cleveland, and did not know where they were; that he had no interest in them, and no one was keeping them for him. He further testified: "The reason I sold this property, I had been trading with them for twelve or fourteen years and they had not made any objection to my trading stock bought from them. Mr. King went to the field and saw Mr. Kimbrough with the mule and he never said anything about it at all. B. H. Fletcher Company did not give me authority to trade either one of these mules, but never objected. Mr. King was representing Mr. Ben H. Fletcher. . . . I did not see any one about the trade. It would not be possible for me to get either one of these mules. They have not been in my possession since I was arrested. I can not give bond. I am not able to give bond in this case." There was no contradiction of this testimony.

The court passed an order refusing to discharge the petitioner on his own recognizance, and recommitted him to jail; and he excepted.

*E. T. Moon,* for plaintiff in error, cited: Civil Code, § 5154; *Ragan* v. *Chicago Packing Co.,* 93 *Ga.* 712; *Tennessee Valley Fertilizer Co.* v. *Stephens,* 140 *Ga.* 774.

*McLaughlin & Shanks, Henry Reeves,* contra, cited: *Everett, Ridley & Co.* v. *Holcomb,* 1 *Ga. App.* 794.