## 8186. PEAVY *et al. v.* MOORE & EVANS.

JENKINS, J. 1. The typewritten bill of exceptions in this case shows various interlineations written therein amounting to material changes in fact and substance. Attached to it is the affidavit of one of the attorneys of record for the plaintiffs in error, stating that the attorney for the opposite parties had been personally served with a copy of "the within bill of exceptions." A motion to dismiss, sworn to by counsel for the defendants in error, is made upon the ground that the copy of the bill of exceptions served upon him, which copy is attached to the motion, is not a true copy of the original in fact or substance. *Held,* that as this court has no jurisdiction to hear contradictory evidence as to the verity of a record from the trial court which it is sought to impeach, and as the bill of exceptions, with the affidavit of service accompanying it, shows on its face jurisdiction of this court, the writ of error will not be dismissed. *Ga., Fla. & Ala. Ry. Co.* v. *Lasseter,* 122 *Ga.* 679 (51 S. E. 15); *Swafford* v. *Swafford,* 125 *Ga.* 386 (53 S. E. 959).

2. Where defendants in bail-trover process proceed, under the provisions of § 5154 of the Civil Code of 1910, to ask their discharge upon their own recognizance, conditioned for their appearance to answer the suit, it is incumbent upon them to satisfactorily show that they were unable, at the time the process was sued out, to comply with the requirements of the law in regard to producing the property or giving the security, and that such inability continues without fault or misconduct on their part since that time; and where, under such a motion, no evidence shows why a portion of the property sued for could not be produced, and where no evidence is submitted as to any attempt by any of them to give the bond and security, and where it affirmatively appears by the testimony of two of the movants that no such effort was made by them, the discretion of the judge, in remanding the latter back to custody and in requiring an appearance bond by the former, will not be disturbed.

   *Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

         DECIDED APRIL 25, 1917.

Motion for discharge in trover; from Dooly superior court—Judge George. August 31, 1916.

*Powell & Lumsden, J. T. Hill,* for plaintiffs in error.

*L. L. Woodward,* contra.