### 11711. WARD *v.* WARD.

BROYLES, C. J. Under the decision in *Marsh* v. *Fletcher Co.,* 17 *Ga. App.* 735 (88 S. E. 416), and the authorities there cited, and the facts of the instant case, the court erred in not discharging the defendant upon his own recognizance.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 15, 1920.

Application for discharge in bail-trover; from city court of Bainbridge — Judge Spooner. June 30, 1920.

On June 24, 1920, Mrs. Eula B. Ward instituted a bail-trover proceeding against P. H. Ward to recover a diamond ring alleged to be of the value of $800. The defendant failed to deliver the ring or to give the statutory bond for the forthcoming of the property, and was imprisoned. He applied to the court for discharge from imprisonment, alleging his inability to produce the ring or to give the bond and security required by law, and denied the allegations of the plaintiff's petition and affidavit. The court, after hearing evidence on the application, passed an order as follows: " It appearing to the court that the bond sought is excessive, it is ordered and adjudged that the defendant, P. H. Ward, be remanded to the common jail of Decatur county, to be relieved therefrom upon the giving of a bond in the amount of $250.00." The defendant excepted, alleging that this judgment was error " because contrary to law and because the court had no discretion to hold the defendant to bail in a less amount than that required by the affidavit for bail, and because under the law the court should have discharged the defendant upon his own recognizance, and because there was no issue as to the inability of the

defendant to give the bond required or to produce the property sued for."

In his testimony the defendant denied that the ring in question was or had ever been the property of the plaintiff. He testified: " The last time I had that ring in my possession was July 15, 1915. Mrs. Ward and I were separated on July 10, and I sold the ring to J. E. Sharp. . . I got $175 for the ring. . . I had borrowed money to send to my wife, from Mr. Sharp, . . and I let him have the ring on the debt I owned him. . . I can not give bond in the sum of $1600 to answer to this court. I own no property except my trunk and a few clothes, and my trunk and clothes are in Habersham county, Ga. . . I live in Habersham county, Ga. . . This bail in trover proceeding is the only notice I have ever had that Mrs. Ward claimed this property as her own. . . I never did give it to her. . . I bought it for myself. . . She wore it when she wanted to. . . I don't know where the man is who has it; he was in Jacksonville, Florida, when I sold it to him. I haven't had a chance to make any effort to make bond; I have been in jail all the time. . . I have only about $35 with me and in my direct control in Bainbridge. Before I came here in these proceedings I had a job in the delivery department of ———————— I look after his delivery business. He pays me a salary of $100 per month. . . After I left here in 1915 I worked for $60 per month. I am not an experienced traveling salesman, I am an experienced peddler." The witness testified also to the effect that the ring was not of the value alleged by the plaintiff. The plaintiff testified that the defendant gave the ring to her in 1907, and that she kept it about eight years and until at his request she let him take it to wear on a trip; that on his return she asked for it and he said he had " left it at Smith's to have it fixed;" that she never saw it again, and that was the last time she saw him until " the last week or two." The plaintiff introduced letters which the defendant admitted he wrote, dated in July, 1915, saying, " You needn't be uneasy about the diamond," " the ring will be delivered to you in good shape," " I won't dispose of your ring, I will let you keep it if I never get a dollar again; I think I will be able to bring it up there to you before many days."

*McMillan & Erwin, W. V. Custer,* for plaintiff.