## 13511. WYATT *v.* CITIZENS & SOUTHERN BANK.

JENKINS, P. J. 1. The motion to dismiss the writ of error, upon the ground that, after the judge of the city court had passed the order denying movant's application under the Civil Code (1910), § 5154, for a release from custody in a bail-trover proceeding, his daughter filed in the superior court a petition for habeas corpus, upon which the judge of that court discharged him, and that such discharge renders the questions presented by his bill of exceptions moot, must be denied. It appears that upon that proceeding the Supreme Court reversed the action of the superior court in discharging him, and that the effect of that judgment is to subject him again to custody. *Coleman* v. *Grimes,* 154 *Ga.* 852 (115 S. E. 641). Nor was the action of movant's daughter in applying for the writ of habeas corpus an election of remedies such as would constitute an abandonment by the movant of the instant writ of error. Nor, under the record of that proceeding in the Supreme Court, are the questions here involved adjudicated by that decision, since that court in ruling upon the habeas corpus did not pass upon the correctness of the judgment rendered by the judge of the city court under the facts in evidence before him, but determined only that his judgment as set forth in the petition for habeas corpus was regular on its face, and nothing was alleged or shown to affect its regularity or validity.

(a) The motion to dismiss, upon the ground that the assignments of error are too general in failing to specify whether the alleged errors of the

judge of the city court in remanding the applicant to custody are errors of law or of fact, must also be overruled, since, from the judge's order finding that " the applicant is unable to produce the property," but that in the opinion of the court he " is not unable to comply with the law with reference to giving bond and security," it is plain that the general exception sufficiently presents only the question of fact as to whether, under the evidence, the court erred in finding that the applicant was able to give the statutory bond. *Tenn. Valley Fertilizer Co.* v. *Stevens*, 140 *Ga.* 774 (79 S. E. 840).

2. Before a defendant in an action of trover where bail has been required can lawfully be discharged from custody on his own recognizance, under his petition alleging that he is neither able to give the security required by law nor produce the property as provided in the Civil Code (1910), § 5154, it must appear to the judge to whom the petition is addressed that the defendant can neither give the security nor produce the property, and that the reasons for its non-production are satisfactory. *Shinholser* v. *Jordan*, 115 *Ga.* 462 (41 S. E. 610). A satisfactory reason for the non-production of the property does not mean that the inability to produce it should be the result of misadventure or of blameless conduct on the part of the defendant, but only that such condition has continued to exist without any fault on the part of the defendant since the process was sued out. *Ragan* v. *Chicago Packing Co.*, 93 *Ga.* 712 (21 S. E. 143); *Warlick* v. *McLeod*, 24 *Ga. App.* 301 (101 S. E. 128). This phase of the law, though argued in the briefs, is really not involved in the present exceptions, since the judgment, as this court construes it, was in his favor upon this part of his application.

3. " The object of the bail process is simply to secure the forthcoming of the property to answer, in the manner authorized by law, for such recovery as may be had, or to get bond and personal security instead. . . Its purpose is not to punish a defendant for illegal acts in obtaining the property." *Savannah Guano Co.* v. *Stubbs*, 138 *Ga.* 409, 411 (75 S. E. 433).

4. In an application for discharge, made by a defendant held in imprisonment under bail-trover process, the burden is upon the applicant to show satisfactorily that he falls within the statutory conditions entitling him to release. *Peavy* v. *Moore*, 19 *Ga. App.* 812 (92 S. E. 299); *Everett* v. *Holcomb*, 1 *Ga. App.* 794 (58 S. E. 287). In the instant case, while our conclusion under the facts has not been arrived at without some difficulty and hesitation, we think that here, as in *Marsh* v. *Fletcher Co.*, 17 *Ga. App.* 735 (2) (88 S. E. 416), there is really nothing to contradict to any appreciable degree the positive testimony of the petitioner that he was neither able to give the security required by law nor to produce the property. Under this view, the court erred in refusing to discharge the petitioner upon his own recognizance.

*Judgment reversed. Stephens and Bell, JJ., concur.*
DECIDED FEBRUARY 10, 1923.

Application for discharge in trover; from city court of Swainsboro — Judge Kirkland. March 9, 1922.

*F. H. Saffold,* for plaintiff in error.

*R. H. Humphrey, A. W. Jordan,* contra.