### 32901.  POSS *v.* TUDOR.

WORRILL, J.  The only ground of exception made by the bill of exceptions and argued by counsel for the plaintiff in error being that the evidence adduced upon the hearing of this application by the defendant in a bail-trover action for discharge from jail on his own recognizance did not authorize the discharge, and there being evidence authorizing a finding that the applicant did not have the property in his possession at the time the bail process was sued out and that the production of the property was a physical impossibility; that the reasons for the non-production of the property were satisfactory; and that the applicant, because of poverty was unable to give the bond or security required by law, the order granting the discharge was authorized. Code, § 107-205; *Everett, Ridley & Co.* v. *Holcomb,* 1 *Ga. App.* 794(1) (58 S. E. 287). *Judgment affirmed. Sutton, C.J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially.  I think that the judgment of the court releasing the defendant was demanded by the uncontradicted evidence that the plaintiff knew at the time he instituted the proceeding that the defendant did not have possession of the property. *Ragan* v. *Chicago Packing & Provision Co.,* 93 *Ga.* 712 (21 S. E. 143).

DECIDED APRIL 28, 1950.  REHEARING DENIED MAY 19, 1950.

*Jack D. Evans,* for plaintiff.
*Stevens & Stevens,* for defendant.