39794.  MULLIS v. THE PACKER CORPORATION.
39795.  MULLIS v. JEROME MOTOR SALES COMPANY.

DECIDED OCTOBER 17, 1962.

*William Hall, Wesley R. Asinof,* for plaintiff in error.

*King & Spalding, Charles L. Gowen,* contra (Case No. 39794).

*John L. Westmoreland, Jr.,* contra (Case No. 39795).

HALL, Judge. 1. In this case the plaintiff in error assigns error on the trial judge's denial of petitions for discharge from jail filed by him as the defendant in the trial court in two bail trover actions. Code § 107-205 provides for discharge upon his own recognizance of a defendant held in imprisonment in a bail trover action when the defendant shows that he "can neither give the security nor produce the property, and that the reasons for its nonproduction are satisfactory." The burden is on the defendant to prove the statutory conditions entitling him to release. *Sutton v. Perdue,* 75 Ga. App. 720 (44 SE2d 405). An existing physical impossibility, at the time of the suing out of the bail trover process, to produce the property, and the con-

tinued existence of such impossibility, without any fault or misconduct on the defendant's part since that time, is a satisfactory reason. *Marsh v. Ben H. Fletcher Co.*, 17 Ga. App. 735 (1) (88 SE 416).

The defendant in this case testified that he purchased and shipped the automobiles (property here in question) in Michigan directing that they be delivered in Georgia to his agent and employee Ford, but that he did not know the whereabouts of the automobiles after they arrived in Georgia. Drafts given to the plaintiffs in payment for the automobiles remain outstanding. Who at the time of delivery in Georgia had possession of these automobiles—the defendant or Ford? Property in the hands of a servant or agent is in the possession and control of the master or principal; the servant or agent has only custody, since the possession of the servant or agent is the possession of the master or principal. *Mitchell v. Georgia & Alabama R.*, 111 Ga. 760, 764-767 (36 SE 971, 51 LRA 622); *Henley v. State*, 59 Ga. App. 595 (2 SE2d 139); *Grant v. State*, 125 Ga. 259, 261 (54 SE 191); *Finkelstein v. State*, 105 Ga. 617, 619 (31 SE 589); 73 CJS 198-199, § 14. The defendant contends that such a legal distinction has no basis in a bail trover proceeding and that actual custody is the test. One eminent authority has suggested the law might be much simpler if there were no such distinction, "But no system of law, as far as we know, has gone that length." Pollock & Wright, "Essay on Possession in the Common Law" 17; Bingham, "The Nature and Importance of Legal Possession," 13 Michigan Law Review 623, 631.

Since it is shown that the possession of the property was in the defendant, there is "some degree of presumption that the possession had not changed, and that he still had possession." *Securities Trust Co. v. Marshall*, 30 Ga. App. 379 (5) (118 SE 478). The petitions in these cases were filed on May 15 and May 17, 1962. The defendant was arrested and incarcerated on May 18, 1962. In attempting to show that there existed at the time the suit was filed a physical impossibility for him to produce the property, the defendant testified that his business, a car lot in Duluth, Georgia, was operated by Ford, who sold and disposed of automobiles and was supposed to put the pro-

ceeds from sales in the bank to cover drafts given by the defendant when he purchased automobiles; that he imagined he had purchased $250,000 worth of automobiles using drafts, and would say he had paid for $50,000 worth of them; that he was in Georgia on May 3 and withdrew $8,100 from the bank, practically all of the balance of his account, and turned it over to Ford; that thereafter he couldn't find Ford; "I called his home by telephone several times, drove by his house quite a few times, but did not see him or his automobile. I did not stop and talk to his family . . . I, knowing that I had thousands of dollars worth of drafts outstanding for automobiles I had bought and sold that weren't paid for, took $8,100 and gave it to Mr. Ford who I knew then had not been playing fair with me . . . After leaving the bank . . . knowing I had all these drafts outstanding I didn't bother to go by the car lot in Duluth and look at the records to see what Ford had been doing; . . . I have been in jail and have taken no steps against Mr. Ford in regard to these automobiles or moneys belonging to me. I haven't instructed my lawyer to bring a suit against Mr. Ford or to take any criminal action against him."

In determining whether an applicant in a bail trover case has carried the burden of proving a statutory condition entitling him to release, if the trial judge's decision is supported by any competent evidence, and no error of law appears, we can not hold as a matter of law that the trial judge has abused his discretion in finding against the applicant. *Sutton v. Perdue,* 75 Ga. App. 720, 723, supra; *Everett, Ridley & Co. v. Holcomb,* 1 Ga. App. 794 (58 SE 287). The evidence in this case does not demand a finding that it was physically impossible for the defendant to produce the property; therefore, there was no manifest abuse of the trial judge's discretion in denying the defendant a discharge from jail.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*