## DePauw *vs.* Kaiser & Brother.

1. An order granted by the court, on motion of a party, that he be allowed until a named day to perfect and file a motion for new trial, does not import any stipulation with the opposite party (whose consent was not invoked to the passage of the order) that a motion will not be made after that day. It is no obstacle to moving for a new trial on any day during the term.
2. When interrogatories were ruled out on the ground that the place of execution did not appear, the presumption is, until the contrary is shown, that the ruling was correct.
3. Interrogatories rejected cannot be brought to the Supreme Court as a part of the brief of evidence. What the brief vouches for is the evidence admitted, and that only.
4. A bill of goods, signed by the purchaser, and showing the articles purchased, the aggregate price, and that freight to a certain point was to be paid by the seller, is not necessarily exhaustive of all the stipulations of the contract. Parol evidence is admissible to show at whose risk the shipment was to be made, and whether the title passed on delivery to the carrier, or not until safe arrival at destination.
5. Though as jurors this court would probably have found the disputed matter in favor of the plaintiff, there was evidence on which the jury could find for the defendant, and enough to warrant the presiding judge in approving the verdict.

February 26, 1887.

Practice in Superior Court. New Trial. Interrogatories. Evidence. Contracts. Verdict. Before Judge MERSHON. Glynn Superior Court. December Adjourned Term, 1885.

W. C. DePauw brought an action of complaint against A. Kaiser & Brother to recover on an open account for certain glass sold to the defendants, aggregating $1,304.10. The defendants filed several pleas, but the real contention was, whether the loss of certain glass, which was broken in process of transportation, fell upon the plaintiff or the defendants. The former claimed that, upon delivering the glass to the carrier at the factory in Indiana, his liability as to breakage ceased, and that he did not agree to deliver the glass at Brunswick, but only to pay freight at that point, which was its destination. The defendants claimed that the glass was to be delivered to them at Brunswick, and that the loss by breakage *in transitu* fell on the plaintiff.

The contract relied on by the plaintiff was made in New York by his agent and one of the defendants, and was as follows:

"NEW YORK, March 6, 1884.

"A. Kaiser & Bro. bought of DePauw Am. Plate-Glass Works 1 lot of Pol. Plate-Glass, sizes as follows: (describing and stating prices); freight paid to Brunswick, Ga.

(Signed) "A. KAISER & BRO."

Testimony was introduced by both parties, which need not be set out in detail. The jury found for the plaintiff $949.73, principal. He moved for a new trial on the following grounds:

(1)–(3.) Because the verdict was contrary to law and evidence.

(4.) Because the court rejected from evidence the interrogatories of W. C. DePauw on the ground that the place of execution did not appear. These interrogatories were not attached to the motion for a new trial, but appear in the brief of evidence. They were headed, "State of Indiana, Floyd county."

(5.) Because the court admitted in evidence, over objection, testimony of one of the defendants to the effect that the glass was to be delivered free of cost, and at the

v 77 12

seller's risk, at Brunswick.—The objection was that the testimony was in conflict with the written contract, and that the parol agreement stated occurred prior to the signing of the contract.

The motion was overruled, and the plaintiff excepted.

CROVATT & WHITFIELD, by J. H. LUMPKIN, for plaintiff in error.

SYMMES & ATKINSON, by FRANK H. HARRIS, for defendants.

BLECKLEY, Chief Justice.

1. When this case was argued, it was suggested by counsel for the defendants in error that a sufficient reason for denying the motion for a new trial was that it was not made in time. He admitted that at the hearing of the motion for a new trial, no motion was made to dismiss it; but he contended that if the motion for a new trial was too late, this was reason for refusing the new trial, whether a motion to dismiss was made or not; and he insisted that in this case the motion was not in time. The record shows that an order was taken during the term, granting the dissatisfied party until a named day to perfect and file a motion for a new trial, and the motion was not made by that day, but the court was in session beyond that day, and it was made during the term. That it was not made under that order is perfectly clear; because it was made after the order had expired. It was served, filed, acted upon, and overruled on the same day, and that day was subsequent to the expiration of the order.

It will be observed that there was no element of contract in the unused order. It was an order granted *ex parte*, without the consent of the other party being invited or given to it. The party dissatisfied with the verdict went forward and moved the court that he be allowed until a certain day to perfect and file the motion; and the

order was passed accordingly, granting him until that day. Very likely it was anticipated that the court would adjourn before it did; but at all events, the other party was no party to that order, so far as appears. Both for this reason, and because everything was done in term, nothing in vacation, the ruling in the *Railroad Company vs. Johnson*, 59 *Ga.* 626, and in other like cases, has no application.

An order granted by the court, on motion of a party, that he be allowed until a named day to perfect and file a motion for a new trial, does not import any stipulation with the opposite party (whose consent was not invoked to the passage of the order) that a motion will not be made after that day. It is no obstacle to moving for a new trial on any day during the term.

2, 3. The interrogatories of a witness were rejected because the place of execution did not appear. If we could look at certain interrogatories contained in the record, to ascertain why, or upon what state of facts, the court ruled that the place of execution did not appear, we might differ with the court; but it does not appear, either from direct statements or from anything we can look at as rejected matter, what was the state of facts upon which the ruling was made; and the presumption is, as the court so ruled, that the place of execution did not appear. As to all interrogatories contained in the brief of evidence and certified to us as record, we must assume that they were admitted; and to show us any that were rejected, they must be pointed out elsewhere—that is, either in the motion for a new trial or the bill of exceptions.

If interrogatories were ruled out on the ground that the place of execution did not appear, the presumption is, until the contrary is shown, that the ruling was correct.

Interrogatories rejected cannot be brought to the Supreme Court as a part of the brief of evidence. What the brief vouches for is the evidence admitted, and that only.

4. There was a contract of purchase of goods, and the

purchasers signed a bill of them showing the articles, the aggregate price, and that freight on them to Brunswick was to be paid by the vendors. The controversy arose (in an action for the price) as to the risk of transportation, that is, whether delivery was complete by delivery to the carrier, or whether delivery was to be made at Brunswick when the carriage was accomplished. The goods consisted of glass, and some of it was broken. We think the writing is simply silent on this question. The transaction, so far as the writing extends, may be illustrated by going to a coal-yard and buying a lot of coal. You can take the coal at the yard, or stipulate for delivery at your house; and if you sign a writing, saying simply that you have bought so much coal at a certain price, it does not show where you are to receive it. This part of the agreement may rest altogether in parol. Here the writing was signed in New York, and the goods were to be shipped from and to another point. There were three points involved; and it did not appear from the writing at what point the goods were to be delivered to consummate or fulfil the contract. It is clear to us that the writing is open to explanation as to where the delivery was to be made; and if so, there was no error in admitting parol evidence. Code, §3803.

A bill of goods, signed by the purchaser, and showing the articles purchased, the aggregate price, and that freight to a certain point was to be paid by the seller, is not necessarily exhaustive of all the stipulations of the contract. Parol evidence is admissible to show at whose risk the shipment was to be made, and whether the title passed on delivery to the carrier, or not until safe arrival at destination.

5. The parol evidence as to the terms of the contract was somewhat conflicting. And even the letters and telegrams, so far as they tend to illustrate the disputed point, are susceptible of two constructions. The jury could properly have given weight to the fact that the freight to Brunswick was to be paid by the vendors. As the carriage

was to be at their expense, there was a sort of suggestion in that circumstance that it was also to be at their risk. While we are not sure the verdict is right, we cannot say it is wrong.

Though as jurors this court would probably have found the disputed matter in favor of the plaintiff, there was evidence on which the jury could find for the defendant, and enought to warrant the presiding judge in approving the verdict.

Judgment affirmed.