## 52326. WILSON et al. v. WALKER et al.

MARSHALL, Judge.

This appeal is from the dismissal of the appellants' two cases for want of prosecution.

The record shows only that on February 3, 1976, the trial judge called civil cases 2908 and 2909. Neither appellants nor their counsel were present. Appellees moved to dismiss both cases for want of prosecution. The trial judge, after hearing an undocumented oral recitation of the history of the cases, asked the clerk if plaintiffs' lawyer had made a demand for trial. The clerk responded "Yes . . . [by] letter dated January 6th . . ." The trial judge asked the clerk if the plaintiffs' attorney received notices that the court would start that morning, to which the clerk replied that he had sent them a copy of court calendar, properly addressed, stamped and deposited in the U. S. Mail. Whereupon the trial judge granted both motions dismissing the cases. It is from the orders of dismissal that appellants appeal. *Held:*

In their enumerations of error, appellants contend that the trial court abused his discretion in dismissing the cases because (1) the court had previously granted numerous requests for continuance of this case to counsel for appellees, (2) appellees' attorney notified appellants' attorney that the case would be continued again and appellants' attorney agreed, (3) appellants' attorney had filed a motion to compel appellees to answer interrogatories and the hearing for same was scheduled for February 2, 1976, and (4) "during the time of the calling of the Docket, plaintiff's attorney notified the court that he had been informed by the defendants' attorney that the case had been continued and had then just discovered that the case would be called and that he would be present with his clients at the time set for the trial."

The record in this case is completely silent on each of the matters set forth in these four enumerations. "The burden is on the party alleging error to show it affirmatively by the record." *Shepherd v. Shepherd,* 225 Ga. 455, 457 (169 SE2d 314). The absence of such support results in this court's refusal to consider such

enumerations. See *Browning v. F. E. Fortenberry & Sons, Inc.,* 131 Ga. App. 498 (5) (206 SE2d 101); *Berry v. State,* 123 Ga. App. 616 (1) (182 SE2d 166); *Palmer v. Stevens,* 115 Ga. App. 398 (8) (154 SE2d 803). We note that the allegation made in appellants' brief of being misled by appellee's counsel is refuted in appellees' brief, so we may not consider this statement as being prima facie true. Rule 18 (b) (1) Court of Appeals (Code Ann. § 24-3618).

It is also noted that appellants' brief contains no reference to the record as required by Rule 18 (c) (3) (i, ii), supra, and has no argument or citation of authority as required by Rule 18 (a) (3), supra. For either reason, the enumerations are considered abandoned. See *Benefield v. Benefield,* 224 Ga. 208 (5) (160 SE2d 895); *Herrin v. State,* 138 Ga. App. 729 (3); *Fleming v. State,* 137 Ga. App. 805 (2) (224 SE2d 792); *Pate v. State,* 137 Ga. App. 677 (3) (225 SE2d 95).

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

ARGUED JUNE 8, 1976 — DECIDED JUNE 23, 1976.

*Charles E. Houston, Jr., Clarence Martin,* for appellants.

*Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner, John M. Gayner, III,* for appellees.