### 63349. McCULLOUGH v. THE STATE.

POPE, Judge.

Appellant Sammie J. McCullough was convicted by a jury of burglary, robbery and rape. Evidence adduced upon the trial of the case indicated that around 7 o'clock in the morning of August 15, 1980 McCullough cut through a screen in order to unlock the back door of the victim's home. He entered the bedroom where the victim was asleep and threw a towel and blanket over the victim's head. McCullough tied the victim's hands behind her back with the cord of

her alarm clock and threatened to kill her. He took the victim's money from her purse. He then raped the victim who was lying face down on the bed. Although the victim never saw the perpetrator during the commission of the crime, the appellant was identified in a voice lineup by the victim. The victim testified at trial that voice number 1 in the lineup ". . . sent chills up my . . . I knew the voice. I had heard the voice." The victim stated the sixth voice had a similar quality, but it was Number 1. Also, the appellant's fingerprints were found inside the victim's house.

1. The appellant enumerates as error the trial court's failure to rule upon his general Brady motion for exculpatory material contained in the state's file. Appellant argues that had the court inspected the file prior to trial such inspection would have yielded the line-up identification sheet which was referred to at trial. The victim read from the sheet which she had prepared following a voice identification lineup stating, "In my handwriting it says from the voice range and enunciation it seems to be either No. 1 or No. 6, but I lean towards No. 1." "No. 1" was appellant.

The trial court is not required to conduct an in camera inspection of the state's file in connection with a general Brady motion unless, after the state has made its response to the motion, the defense makes a request for such inspection. *Tribble v. State,* 248 Ga. 274 (1) (280 SE2d 352) (1981). No such request was made by the defense after having reviewed the state's file prior to trial.

Furthermore, appellant has the burden of showing how his case has been materially prejudiced by the court's failure to make an in camera inspection. *Tribble,* supra. The exculpatory evidence was presented to the jury in the present case and the possibility of misidentification fully exploited by defense counsel. We see no reversible error which might have affected the outcome of the trial.

2. Appellant enumerates as error the court's admission of his juvenile record. The ground of objection was that the copies of such record contained extraneous matters. Now on appeal appellant has abandoned the original grounds and asserts new grounds for objection. These new grounds will not be considered for the first time on appeal. *Tuggle v. State,* 149 Ga. App. 634 (5) (255 SE2d 104) (1979).

3. Appellant enumerates as error the admitting of a blown up copy of his fingerprints. This exhibit was admitted after defense counsel withdrew his objections to its admission, and thus nothing is presented to this court for review.

4. Appellant's remaining enumerations of error are without merit. The evidence was such that any rational finder of fact could have found appellant guilty of the crimes alleged beyond a reasonable

doubt.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 8, 1982.

L. Paul Cobb, Jr., for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Paul Howard, Assistant District Attorneys, for appellee.