65916, 65917. MATTISON v. TRAVELERS INDEMNITY COMPANY; and vice versa.

POPE, Judge.
During the afternoon of January 7, 1970, appellant Thomas E. Mattison, an officer and employee of a restaurant known as The Bird Cage, Inc., departed from the premises thereof, ultimately intending to travel to Jackson-Atlantic, Inc. to pick up ice for the restaurant. On his way to the ice company, Mattison intended to stop at a Georgia Power Company branch office to pay an electric bill. After driving a short distance in an automobile which was owned by The Bird Cage, Mattison saw an acquaintance, Robert Humphrey, and asked Humphrey to ride with him so that he would not have to leave the vehicle unattended while paying the electric bill. After paying the bill, Mattison resumed driving and proceeded to the Jackson-Atlantic ice company. As Mattison was loading ice into the rear of the automobile through the tailgate area, Humphrey leaned over from the passenger seat and attempted to start the vehicle. The automobile lurched backwards and struck Mattison in the legs, thereby injuring him.

Subsequently, Mattison filed suit against Jackson-Atlantic, Inc., The Bird Cage, Inc. and Robert Humphrey. Jackson-Atlantic obtained summary judgment in its favor (see *Mattison v. Jackson-Atlantic, Inc.,* 129 Ga. App. 279 (199 SE2d 387) (1973)), and The Bird Cage, Inc. was voluntarily dismissed from that case. The action proceeded against Humphrey (actually the estate of Humphrey) and resulted in a default judgment rendered in favor of

Mattison and against Rubye M. Humphrey, administratrix of the Estate of Robert Humphrey, in the amount of $150,000 plus costs. Mattison filed the instant action against appellee The Travelers Indemnity Company, claiming that Humphrey was an additional insured under the policy issued to The Bird Cage and, thus, appellee should satisfy the judgment up to the limits of the policy.

Before trial the lower court granted appellee's motion for summary judgment, which was subsequently reversed on appeal. *Mattison v. Travelers Indem. Co.,* 157 Ga. App. 372 (277 SE2d 746) (1981). This court ruled that a jury question existed both on the issue of whether Humphrey was a permissive user of the subject automobile and also on the issue of whether he had complied with the policy preconditions to coverage or said conditions had been waived by appellee. Following a trial on the merits, a jury returned a verdict in favor of appellee. Appellant brings this appeal therefrom.

1. Appellant first cites as error the trial court's refusal to admit into evidence a signed, written statement allegedly made by Humphrey before his death. Appellant contends that this statement was admissible as a declaration against interest. See OCGA § 24-3-8 (formerly Code Ann. § 38-309). Appellant admits, however, that the statement was also partly in favor of Humphrey.

"If the declaration or entry contains statements both in favor of the declarant and against his interest, the statements are to be balanced, and if those in favor of interest equal or preponderate over those against interest the declaration is not admissible; otherwise it is." *Massee-Felton Lumber Co. v. Sirmans,* 122 Ga. 297 (2) (50 SE 92) (1905). While the subject statement was apparently a part of the record of this case in its previous appearance here (see *Mattison v. Travelers Indem. Co.,* supra at 374), appellant directed the trial court clerk to omit "all pre-trial motions, interrogatories, answers to interrogatories, depositions and pleadings from the record on appeal," and the statement does not appear as part of the record in this appeal. Also, the record discloses no offer of proof as to the contents of the statement. See *Hines v. Donaldson,* 193 Ga. 783 (3) (20 SE2d 134) (1942); *Campbell v. State,* 149 Ga. App. 299 (2) (254 SE2d 389) (1979); 11 EGL Evidence (Civil), § 10 (1979 Rev.). " 'The burden is on the party alleging error to show it affirmatively by the record.' " *Wilson v. Walker,* 139 Ga. App. 145 (227 SE2d 920) (1976). Since neither the statement itself nor an offer of proof as to its contents appears in the record here, we will presume that the trial court properly excluded it. See *Brown v. Frachiseur,* 247 Ga. 463 (277 SE2d 16) (1981); *DePauw v. Kaiser & Bro.,* 77 Ga. 176 (2) (3 SE 254) (1887); *Curry v. State,* 148 Ga. App. 59 (251 SE2d 86) (1978); see also *Turner v. Watson,* 139 Ga. App. 648 (229 SE2d 126) (1976).

2. Appellant's second enumeration cites as error the trial court's charge relating to Humphrey's permissive use of the subject automobile. However, the language complained of is an accurate statement of the law in this state. See *Strickland v. Ga. Cas. &c. Co.,* 224 Ga. 487 (2) (162 SE2d 421) (1968); *Hodges v. Ocean Accident &c. Corp.,* 66 Ga. App. 431 (3) (18 SE2d 28) (1941), cert. den., 316 U. S. 693, rehg. den., 317 U. S. 705 (1942). Thus, this enumeration has no merit.

3. Appellant lists several enumerations of error relating to the issue of Humphrey's election of coverage under the subject insurance policy, i.e., his compliance with the policy preconditions to coverage, and the related issue of appellee's waiver of such conditions. In addition to the named insured, The Bird Cage, Inc., the subject policy provided coverage to "any other person while operating with the permission of the *named insured* any such equipment registered in the name of the *name insured* and any person . . . legally responsible for such operation. . . ." In the event of an accident causing bodily injury, the policy required "written notice containing particulars sufficient to identify the *insured* and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the *insured* to the company . . . as soon as practicable." The policy also required that "[i]f claim is made or suit is brought against the *insured,* the *insured* shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." Finally, "[n]o action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy. . . ."

In the recent decision of *Leventhal v. American Bankers Ins. Co.,* 159 Ga. App. 104, 105-6 (283 SE2d 3) (1979), this court noted that "Georgia case law has held practically without exception that any person designated an 'additional insured' in a policy taken out by another must both elect coverage and comply with all policy conditions or the insurer will have no duty to him under the policy. In *Hicks v. Continental Ins. Co.,* 146 Ga. App. 124 (245 SE2d 482) (1978), the tortfeasor was driving a substitute vehicle while her own was being repaired. She was described as a 'third party beneficiary'; her failure to notify the insurer [of the owner of the substitute vehicle] of her election of coverage or to forward suit papers was fatal to [Hicks'] claim [against said insurer]. In *Southeastern Stages, Inc. v. General Fire & Cas. Co.,* 151 Ga. App. 487 (260 SE2d 399) (1979), the appellant was the lessee and operator of a bus owned by the named insured, Greyhound Lines, Inc. There was no notice of claim,

except a printed form by one performing medical services for which it sought subrogation against Greyhound; Southeastern was not mentioned at all, and no suit papers were forwarded. These cases and others like them obviously reached a proper result. They dealt with entities having disparate interests which might well have chosen to rely on their own insurance protection, and the cases do little more than point that if the insurer cannot (as is settled law) force a third party to relinquish a right by treating it as an insured without its consent, such third party has a right of election. Georgia case law has, however, carried the rule to the extreme of holding that under the circumstances arising therein the failure to give notice and forward suit papers will result in no coverage whether the insurer was in fact informed or not and whether the action prejudiced it or not. See, for example, *Wolverine Ins. Co. v. Sorrough,* 122 Ga. App. 556 (177 SE2d 819) (1970); *Ballew v. State Farm Mut. Auto. Ins. Co.,* 122 Ga. App. 417 (177 SE2d 172) (1970); *Bituminous Cas. Corp. v. J. B. Forrest & Sons, Inc.,* 132 Ga. App. 714 (3) (209 SE2d 6) (1974)." This court went on to note that the Georgia rule was in the minority, the majority rule being that "[w]here the insured complies with the policy provisions and the insurer is fully and immediately informed of the situation, the failure of an additional insured to give notice or forward suit papers will not normally, absent any prejudice to its powers of defense, be held to deny coverage to the detriment of the injured third party." *Leventhal,* supra at 107. Concluding that "whatever the general rule in Georgia may be, each case should be decided under its own facts," this court carved out an exception to the requirements of notice of election and forwarding of suit papers in cases where "circumstances show (1) that the insurer has in fact received timely notice of the accident, the claim and pendency of the suit from the named insured; (2) the defense of the named insured involves, at least collaterally, a defense of the employee insured as against a charge of respondeat superior, and (3) the insurer fails to carry the burden of showing that its defense was prejudiced in any manner by the failure of the employee to make a timely forwarding of suit papers." Id. at 108.

Applying the *Leventhal* analysis to the case at bar, appellee concedes that it had notice of Mattison's claim against Humphrey et al. In this case, however, there is no symbiotic relationship (as in *Leventhal*) between the defense of the named insured, The Bird Cage, and the defense of Humphrey, assuming arguendo that he was a permissive user of The Bird Cage's automobile and thus coverable by the subject insurance policy. The Bird Cage, as appellant's employer, was not subject to this tort action brought by appellant because of its immunity obtained pursuant to the Workers' Compensation Act. In

fact, The Bird Cage was voluntarily dismissed by appellant from this action.

"The purpose of notice is to enable the insurer to inform itself promptly concerning the accident, so that it may investigate the circumstances, *prepare for a defense,* if necessary, or be advised whether it is prudent to settle any claim arising therefrom." (Emphasis supplied.) *Public Nat. Ins. Co. v. Wheat,* 100 Ga. App. 695, 698 (112 SE2d 194) (1959). "As an additional insured [Humphrey] was required to elect coverage under the insurance policy. 'One who is entitled to be an insured or additional insured under an automobile liability policy is not a party to the contract but has the right to elect whether to come under the coverage offered by the policy.' *Ericson v. Hill,* 109 Ga. App. 759 (1)(a) (137 SE2d 374) (1964). As explained in the *Ericson* case, '(i)n this capacity [he] was not a party to the contract. [He] was merely a third-party beneficiary who had an independent power of election and one who was under no contractual duty either to the named insured or the insurer. At that point, had [he] wished to do so, [he] could have decided to reject the insurance coverage offered [him] by the contract of others.' Ibid. p. 761." *Hicks v. Continental Ins. Co.,* supra at 125. Accord, *Southeastern Stages, Inc. v. General Fire & Cas. Co.,* supra at (1A).

There is no basis in law for appellant's unsupported assertion that appellee was obligated sua sponte to advise Humphrey of the possibility of coverage under the subject policy, even assuming appellee's investigation of the accident indicated that Humphrey was a potential additional insured. There certainly was no contractual obligation to do so. Since neither Humphrey himself nor anyone acting on his behalf notified appellee of Humphrey's intention to elect coverage under the subject policy by complying with the notice requirements thereof (see *Hicks v. Continental Ins. Co.,* supra; see also *Bituminous Cas. Corp. v. J. B. Forrest & Sons,* supra; *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309, 311 (138 SE2d 433) (1964)), and since the evidence of record did not demand a finding that appellee waived these notice requirements (compare, e.g., *N. Y. Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922 (115 SE2d 474) (1960)), the issues raised by appellant's enumerations Nos. 3, 4, 5, 8 and 9 are without merit.

4. Appellant was the only witness to testify on his behalf, and the record discloses that portions of his testimony were contradictory, vague and equivocal. "Under the facts of this case, it was not harmful error for the court to . . . charge that testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal; and that . . . he is not entitled to a finding in his

favor, if that version of his testimony most unfavorable to himself shows that the verdict should be against him. The applicability of this rule of evidence in any particular case is addressed to the sound discretion of the trial judge, who must determine, in the first instance, as to whether the testimony is self-contradictory, vague, or equivocal. As the trial judge sees and hears the witnesses, error in his application of the rule must be very manifest before the exercise of his discretion will be interfered with." *Charleston & W. C. R. Co. v. Thompson,* 13 Ga. App. 528 (2) (80 SE 1097) (1913), revd. on other grounds, 234 U. S. 576 (34 SC 964, 58 LE 1476) (1914); see *Western & A. R. Co. v. Evans,* 96 Ga. 481 (23 SE 494) (1895); see also *Fowler v. Glover,* 105 Ga. App. 216, 217-8 (123 SE2d 903) (1962); *Sutton v. Perdue,* 75 Ga. App. 720, 724 (44 SE2d 405) (1947).

Appellant also cites as error the admitting into evidence of two statements by him on the grounds that he was under sedation and only recently out of the hospital. However, the only objection made to these documents at trial was that they had not been properly authenticated. "These new grounds will not be considered for the first time on appeal." *McCullough v. State,* 162 Ga. App. 866, 867 (293 SE2d 455) (1982); see *City of Moultrie v. Colquitt County Rural Elec. Co.,* 211 Ga. 842 (3) (89 SE2d 657) (1955); *Pelham & H. R. Co. v. Walker,* 27 Ga. App. 398 (2) (108 SE 814) (1921). Therefore, enumerations Nos. 6 and 7 are not meritorious.

5. The issue raised by appellant's final enumeration of error was not addressed at trial and will not be considered for the first time on appeal. *White v. Front Page, Inc.,* 154 Ga. App. 518 (268 SE2d 732) (1980).

6. We find no grounds for reversal for any reason assigned. The effect of this holding is to render moot the issue raised in the cross-appeal. See *Aetna Ins. Co. v. Walker,* 98 Ga. App. 456 (2) (105 SE2d 917) (1958).

*Judgment affirmed in Case No. 65916; appeal dismissed in Case No. 65917. Quillian, P. J., and Sognier, J., concur.*

Decided July 7, 1983 —
Rehearing denied July 20, 1983 — ▮▮▮▮▮▮▮▮▮

*Richard N. Hubert,* for appellant.
*Stephen M. Lore, Michael J. Goldman,* for appellee.