## A98A1229. GARNER v. ROBERTS.
### (520 SE2d 255)

RUFFIN, Judge.

Nathaniel Garner appeals the trial court's order granting summary judgment to Dr. Marc Roberts in this action to collect on an account for dental services rendered. We affirm for reasons that follow.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of

law. OCGA § 9-11-56 (c). Our review is de novo, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). "[A] grant of summary judgment must be affirmed if it is right for any reason." *Bob v. Hardy*, 222 Ga. App. 550, 551 (1) (474 SE2d 658) (1996).

In March 1994, Garner signed a contract guaranteeing payment for dental services provided by Dr. Roberts to Garner and his wife. Dr. Roberts provided professional dental services to Garner and his wife through August 1994. Although Garner was billed for those services, he paid only a portion of his debt, leaving an outstanding balance of $2,997.67. On September 18, 1995, Dr. Roberts sued Garner to collect on the account. He attached to the complaint a copy of Garner's patient history report which itemized the bill and listed, in a very abbreviated form, the services and products provided to Garner and his wife. On October 30, 1995, Garner filed a pro se answer admitting that he owed Dr. Roberts $2,997.67. Garner also filed a counterclaim alleging Dr. Roberts violated his privacy rights by attaching a copy of the patient history report to the complaint. On November 27, 1995, Dr. Roberts moved for summary judgment. On January 2, 1996, while the motion for summary judgment was pending, Garner filed a motion to dismiss the complaint on the ground that Dr. Roberts had failed to respond to Garner's discovery requests. On January 8, 1996, Dr. Roberts filed a motion for protective order. On January 11, 1996, the trial court granted summary judgment in favor of Dr. Roberts on the complaint and on Garner's counterclaim. The court stated that its ruling rendered Garner's motion to dismiss and Dr. Roberts' motion for protective order moot.

1. Garner contends the trial court erred in granting Dr. Roberts' motion for summary judgment on his complaint. Garner does not argue that any genuine issue of material fact precluded the entry of summary judgment. Instead, Garner acknowledges liability for payment of the debt. However, Garner argues that the grant of summary judgment constituted procedural error because (1) Dr. Roberts had not responded to Garner's discovery requests, (2) Dr. Roberts' brief in support of his motion did not contain a statement of material facts, and (3) the court should have dismissed Dr. Roberts' complaint as a sanction for failing to respond to his discovery requests. These arguments lack merit.

First, the trial court did not abuse its discretion by hearing Dr. Roberts' motion for summary judgment before discovery was complete. To the extent Garner argues that the motion was premature, OCGA § 9-11-56 (a) provides that a party may move for summary judgment "at any time after the expiration of 30 days from the com-

mencement of the action." If the pleadings and evidence on file show entitlement to judgment, it shall be granted forthwith. OCGA § 9-11-56 (c). Thus, the trial court clearly had authority to entertain the motion. Moreover, Garner's failure to obtain discovery on his counterclaim had no bearing on his ability to prepare a response to Dr. Roberts' motion for summary judgment on the complaint, on which Garner admitted liability. See *Reeder v. Gen. Motors Acceptance Corp.*, 235 Ga. App. 617, 620-621 (4) (510 SE2d 337) (1998).

Second, the trial court did not err by considering Dr. Roberts' motion despite his failure to attach a statement of material facts as to which there was no genuine issue to be tried. The record shows that Dr. Roberts' motion itself contained a clear and concise statement of the relevant contentions. Thus, "the failure to file a separate pleading resulted in no confusion or disadvantage to [Garner] in defending the motion." (Punctuation omitted.) *Balke v. Red Roof College Park Co.*, 190 Ga. App. 779, 781 (3) (380 SE2d 61) (1989).

Third, the trial court did not err in failing to dismiss Dr. Roberts' complaint as a sanction for his failure to respond to discovery. Trial courts have broad discretion to control discovery, including the imposition of sanctions, and will not be reversed in the absence of a clear abuse of discretion. *Daniel v. Corporate Property Investors*, 234 Ga. App. 148 (505 SE2d 576) (1998). Because the "harsh" sanction of dismissal is appropriate only in extreme cases, we find no abuse of discretion here. *Champion Mgmt. Assn. v. McGahee*, 227 Ga. App. 895, 896 (1) (490 SE2d 215) (1997).

2. Garner also maintains that the trial court erred in granting summary judgment in Dr. Roberts' favor on Garner's counterclaim. Garner argues that Dr. Roberts invaded his privacy by attaching to the complaint an itemized list of dental services rendered and the prices for those services. We disagree.

Pursuant to OCGA § 51-5-8, "[a]ll charges, allegations, and averments contained in regular pleadings . . . which are pertinent and material to the relief sought . . . are privileged." Exhibits attached to complaints are part of the pleadings. *Gibson v. Castro*, 233 Ga. App. 403, 405 (2) (504 SE2d 705) (1998). This privilege "rests on public policy, which allows all suitors (however bold and wicked, however virtuous and timid,) to secure access to the tribunals of justice with whatever complaint . . . they choose to present. . . ." *O'Neal v. Home Town Bank of Villa Rica*, 237 Ga. App. 325, 333 (8) (514 SE2d 669) (1999). The privilege is absolute, "entirely freeing the party from any liability to the person injured by the words or the publication." Id. at 332.

Here, Dr. Roberts sued Garner for nonpayment of a bill. Dr. Roberts attached to the complaint a copy of the bill, which is clearly both relevant and material to his suit to collect payment of that bill. Gar-

ner suggests that Dr. Roberts did not need to attach a copy of the bill to the complaint because Garner had not contested liability for the debt. Dr. Roberts' motive in attaching the bill is irrelevant, however, so long as the bill was "pertinent and material to the relief sought." OCGA § 51-5-8; see *O'Neal*, supra at 332 ("[w]hen the privilege is absolute, the motive of publication is immaterial"). Moreover, Garner did not definitively admit liability until he filed his answer, which necessarily occurred *after* Dr. Roberts filed the complaint. Accordingly, Garner's counterclaim was without merit, and the trial court did not err in granting summary judgment.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 29, 1999.

Nathaniel Garner, *pro se.*
*Shaka M. Shedeke*, for appellee.