A01A1510. CORNELIUS v. HUTTO et al.
(558 SE2d 36)

BARNES, Judge.

Frank Cornelius sued psychiatrist Mark Hutto, alleging that Dr. Hutto violated the psychiatrist-patient privilege and invaded his privacy by giving an affidavit during divorce proceedings regarding custody of his son. After the close of evidence at trial, the trial court denied Mr. Cornelius' motion for directed verdict on breach of confidentiality and granted Dr. Hutto's motion for directed verdict on the invasion of privacy claim.

The jury returned a defense verdict, and Mr. Cornelius appeals, contending the trial court erred in denying his motion for directed verdict, in failing to charge the jury on contradictory testimony, and in granting Dr. Hutto's motion on the invasion of privacy claim. Because the contradictory testimony rule set out in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), does not apply in this case, we affirm the jury's verdict on the breach of confidentiality claim. For the reasons that follow, however, we reverse the trial court's grant of a directed verdict on the invasion of privacy claim.

We affirm the denial of motions for directed verdict and new trial if at trial the evidence conflicted and some evidence supported the verdict. *Pulte Home Corp. v. Woodland Nursery &c.*, 230 Ga. App. 455, 456 (2) (496 SE2d 546) (1998); *Gwinnett Commercial Bank v. Flake*, 151 Ga. App. 578, 583 (10) (260 SE2d 523) (1979). In considering this issue, we view the evidence most favorably to the party who secured the verdict. *Stone v. Cook*, 190 Ga. App. 11, 12 (1) (378 SE2d 142) (1989).

Viewed in that light, the evidence at trial showed that Dr. Hutto had treated both Mr. and Mrs. Cornelius, Mr. Cornelius briefly in 1995 and Mrs. Cornelius for several years. In August 1997, Mrs. Cornelius' divorce lawyer asked her to identify those people who were most familiar with her parenting skills, and she named Dr. Hutto. The lawyer sent Dr. Hutto a proposed affidavit to support his client's claim for temporary custody of the couple's minor son, assuring him that the affidavit revealed no privileged information. Dr. Hutto signed it after making some revisions. The affidavit was filed, but the trial court never considered it because the parties reached an agreement regarding temporary custody and visitation and did not have a hearing. The trial court later issued a consent order granting the

Corneliuses' motion to withdraw the affidavit, expunging it from the court record before the final custody determination.

Mr. Cornelius subsequently sued Dr. Hutto, asserting five theories of recovery, including breach of confidentiality and invasion of privacy. The trial court bifurcated the trial as to liability and damages and then after the close of evidence denied Mr. Cornelius' motion for directed verdict on breach of confidentiality and granted Dr. Hutto's motion for directed verdict on the invasion of privacy claim. The jury concluded that Dr. Hutto did not violate any duty owed to Mr. Cornelius on the remaining theories, and the trial court entered judgment for Dr. Hutto.

1. Mr. Cornelius argues on appeal that the trial court erred in denying his motion for a directed verdict on his breach of confidentiality claim. He contends that Dr. Hutto's testimony asserting he acquired none of the information in the affidavit from his treatment of Mr. Cornelius is contradicted by the affidavit itself, and thus that testimony must be construed most strongly against him pursuant to *Prophecy Corp.*, supra, 256 Ga. 27, and its progeny. Mr. Cornelius contends that after eliminating this contradictory testimony, he is entitled to a verdict as a matter of law.

The affidavit read as follows:

Personally appeared before the undersigned officer duly authorized to administer oaths came MARK C. HUTTO, M.D., who states under oath the following:

1. I am a psychiatrist licensed by the State of Georgia. . . .

2. I had the opportunity to observe both Mr. and Mrs. Cornelius clinically. I was made aware by Mrs. Cornelius that the parties were considering divorce and that the custody of their son Carlton would be contested.

3. Based on my personal observations and experience with Mr. & Mrs. Cornelius and the information obtained from my clinical observation and treatment of Mr. & Mrs. Cornelius, I concluded that the marriage of these parties was likely to fail. I also concluded that the minor child of the parties, Carlton Cornelius, would best be served if these parties separated.

4. I advised Mrs. Cornelius that based on my own observations, both she and her son would best be served by living separate and apart from Mr. Cornelius. I also advised Mrs. Cornelius that Carlton would best be served by having limited contact with his father, even if that meant moving to another state.

5. It is my opinion, based upon the information avail-

able to me, that Mrs. Linda Cornelius is the more psychological[ly] fit and nurturing parent to Carlton and that Carlton would best be served if custody were awarded to his mother.

Mr. Cornelius' expert testified that Dr. Hutto did not violate the psychiatrist-patient privilege in paragraphs two and three, but that paragraphs four and five do violate the privilege if they were based in any part on information Dr. Hutto received from Mr. Cornelius. The expert also admitted on cross-examination that he was aware of no information that Dr. Hutto obtained from Mr. Cornelius showing he would be an unfit father in 1997, and that paragraphs four and five would not violate any privilege if they were based only on information received from Mrs. Cornelius.

Dr. Hutto's expert agreed that paragraphs two and three violated no psychiatrist-patient privilege. He further testified that if the opinions contained in paragraphs four and five were derived from information obtained solely from Mrs. Cornelius, then Dr. Hutto violated no privilege. Based on his review of the information in the medical records for Mr. Cornelius, the divorce lawyer's deposition, the initial and subsequent versions of the affidavit, and information in Mrs. Cornelius' extensive medical records, the expert thought that the information in paragraphs four and five was derived only from Mrs. Cornelius, and thus the affidavit did not violate any rules of confidentiality or privilege. Finally, Dr. Hutto himself testified that he based the opinions in the affidavit solely on information he received from Mrs. Cornelius, and not on anything he learned from Mr. Cornelius.

Mr. Cornelius argues on appeal, as he did below, that he is entitled to judgment as a matter of law based on the affidavit itself. He contends that paragraphs two and three imply that the opinions in paragraphs four and five are based on the treatment of both Mr. and Mrs. Cornelius, and any testimony by Dr. Hutto explaining otherwise should not be considered because it contradicts the affidavit.

The rule in Georgia is that the testimony of a party who offers himself as a witness in his own behalf at trial is to be construed most strongly against him when it is self-contradictory, vague or equivocal. Where the favorable portion of a party's self-contradictory testimony is the only evidence of his right to recover or of his defense, the opposing party is entitled to a directed verdict.

(Citations and punctuation omitted.) *Prophecy Corp.*, supra, 256 Ga. at 28 (1). The first issue to consider, then, is whether Dr. Hutto's testimony is contradictory and should be excluded. If so, the next issue

is whether the excluded testimony is the only evidence of Dr. Hutto's defense, thus entitling Mr. Cornelius to a directed verdict.

"[T]o 'contradict' is 'to assert the contrary.'" *Prophecy Corp.*, supra, 256 Ga. at 30 (2), n. 3. In this case, Dr. Hutto's testimony regarding the two paragraphs at issue — that he obtained all the information on which he based his custody opinion from Mrs. Cornelius — does not necessarily contradict the affidavit itself, which contains in those paragraphs the phrases, "based on my own observations" and "based upon the information available to me." Rather, the testimony provides additional information by specifying the source of the observations and information to which it refers.

Even if we were to construe this testimony as self-contradictory, vague, or equivocal, Mr. Cornelius would only be entitled to a directed verdict if that testimony were the only evidence presented in Dr. Hutto's defense, which is not the case here. The testimony of Mrs. Cornelius' divorce lawyer concerning the drafting and revisions of the affidavit, along with those drafts and revisions themselves, also supports Dr. Hutto's defense. When the party's purported contradictory statements are not the only evidence that would authorize a verdict in his favor, the general rule applies, namely that the credibility of all witnesses — including the parties — should be determined by the jury. *Barentine v. Kroger Co.*, 264 Ga. 224 (443 SE2d 485) (1994). The trial court did not err in denying Mr. Cornelius' motions for directed verdict, judgment notwithstanding the verdict, or new trial.

2. Mr. Cornelius contends the trial court erred in failing to give the jury his proposed charge on contradictory testimony as follows:

> I charge you that testimony of a party who offers himself as a witness in his own behalf at trial is to be construed most strongly against him when it is self-contradictory, vague, or equivocal. This rule is not restricted to contradictory testimony given in the same proceeding. "Testimony is testimony" and the "mere fact that the conflicting testimony arose" in two separate proceedings does not preclude this rule from being invoked.

The trial judge in its discretion must determine whether this rule of evidence applies, determining first if the testimony is self-contradictory, vague, or equivocal. *Mattison v. Travelers Indem. Co.*, 167 Ga. App. 521, 526 (4) (307 SE2d 39) (1983). "As the trial judge sees and hears the witnesses, error in his application of the rule must be very manifest before the exercise of his discretion will be interfered with." Id. Further, "such a charge is appropriate only where the party is the sole witness testifying in his behalf," which was not the case here. *Stolz v. Shulman*, 191 Ga. App. 864, 869 (3) (383 SE2d 559) (1989).

Further, we consider the jury instructions as a whole in determining whether the trial court committed error. *Jordan v. Santa Fe Engineering*, 198 Ga. App. 600, 602 (2) (a) (402 SE2d 304) (1991). The trial court thoroughly charged the jury on witness credibility and impeachment, including the proposition that "[i]f a witness is successfully contradicted as to a material matter, his credibility as to other matters shall be a question for the jury to decide." In light of the charges given and of our holding in Division 1, the trial court did not err in deciding not to give Mr. Cornelius' requested charge.

3. Finally, Mr. Cornelius contends the trial court erred in granting Dr. Hutto a directed verdict on the invasion of privacy claim. We agree that this claim presented a jury question.

"The right of privacy has indeed been recognized in this State as a fundamental constitutional right, having a value so essential to individual liberty in our society that its infringement merits careful scrutiny by the courts." (Citation and punctuation omitted.) *Karpowicz v. Hyles*, 247 Ga. App. 292, 295 (2) (543 SE2d 51) (2000).

> The purpose of the [psychiatrist-patient] privilege is to encourage the patient to talk freely without fear of disclosure and embarrassment, thus enabling the psychiatrist to render effective treatment of the patient's emotional or mental disorders. In recognizing a testimonial privilege for communications between psychotherapist and patient, the United States Supreme Court concluded that the privilege serves important private and public interests by facilitating appropriate treatment and thus promoting the mental health of the country's citizenry.

(Punctuation and footnotes omitted.) *Kennestone Hosp. v. Hopson*, 273 Ga. 145, 148 (538 SE2d 742) (2000). In *Kennestone Hosp.*, the Supreme Court found no implied waiver of the privilege by the appellee's failure to object to a discovery request, noting that "[a]lthough the fact that a patient has undergone psychiatric treatment and the dates of the care are not subject to the psychiatrist-patient privilege, confidential communications between the psychiatrist and patient generally are protected." (Footnotes omitted.) Id.

OCGA § 51-5-8, found in the Libel and Slander chapter in the Torts title of our Code, and which provides that pertinent and material information contained in "regular pleadings" filed in a court of competent jurisdiction is privileged, does not apply here. If it did, the psychiatrist-patient privilege could be circumvented in any case merely by filing the offending document with the clerk of court. Georgia law strictly interprets the definition of privileged communication, as we noted in another case involving a custody affidavit, *Mrozinski*

*v. Pogue*, 205 Ga. App. 731, 734 (2) (423 SE2d 405) (1992), and again in *Sletto v. Hosp. Auth. of Houston County*, 239 Ga. App. 203, 206 (1) (521 SE2d 199) (1999).

Dr. Hutto cites *Garner v. Roberts*, 238 Ga. App. 738, 740 (2) (520 SE2d 255) (1999), for the proposition that OCGA § 51-5-8 bestows a privilege on an affidavit used in a lawsuit. However, *Garner* is distinguishable, because it involved dental rather than psychiatric services. This state has a strong public policy against releasing mental health records, *Sletto*, supra, 239 Ga. App. at 205, and *Garner* provides no authority for a different result.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 20, 2001 —
RECONSIDERATION DENIED DECEMBER 13, 2001 —

*Michael M. Calabro*, for appellant.
*Love, Willingham, Peters, Gilleland & Monyak, Randolph P. Powell, Jr., Ashley R. House*, for appellees.